# IN THE COURT OF APPEALS OF IOWA

_____

No. 25-1743
Filed July 22, 2026

_____

**State of Iowa,**
Plaintiff–Appellee,

v.

**Phillip Andrew Hart,**
Defendant–Appellant.

_____

Appeal from the Iowa District Court for Des Moines County,
The Honorable John M. Wright, Judge.

_____

**AFFIRMED**

_____

Martha J. Lucey, State Appellate Defender, and Ryan M. D'Eliseo,
Assistant Appellate Defender, attorneys for appellant.

Brenna Bird, Attorney General, and Joshua Henry, Assistant Attorney
General, attorneys for appellee.

_____

Considered without oral argument
by Schumacher, P.J., Ahlers, J., and Vogel, S.J.
Opinion by Schumacher, P.J.

**SCHUMACHER, Presiding Judge.**

Phillip Hart appeals the sentence imposed following his guilty plea to failure to affix a drug tax stamp and possession of methamphetamine. Hart asserts the district court abused its discretion by failing to consider mitigating factors and in placing significant weight on aggravating factors. Upon our review, we affirm.

## BACKGROUND FACTS AND PROCEEDINGS

A Burlington police officer arrested Hart on an outstanding warrant for failure to appear for a traffic offense. Officers searched Hart and discovered methamphetamine and marijuana. Hart stated he purchased the drugs "minutes prior to being stopped" by police. The State charged Hart with failure to affix a drug tax stamp, a class "D" felony in violation of Iowa Code section 453B.12 (2024); possession of methamphetamine, a serious misdemeanor in violation of section 124.401(5); and possession of marijuana, a serious misdemeanor in violation of section 124.401(5) and 124.401(5)(b).

Hart pled guilty to counts one and two in exchange for the State's dismissal of count three and the dismissal of a separate pending case. The plea agreement included the parties' joint sentencing recommendation of suspended and concurrent terms of imprisonment not to exceed five years on count one and one year on count two. The district court accepted Hart's pleas and ordered preparation of a presentence investigation report (PSI). Following the sentencing hearing, the district court imposed concurrent terms of imprisonment not to exceed five years. Hart appeals.

## STANDARD OF REVIEW

The district court "has broad discretion to impose the sentence it determines is best suited to rehabilitate a defendant and protect society."

*State v. West Vangen*, 975 N.W.2d 344, 355 (Iowa 2022). When a court imposes a sentence within the statutory limits, it is "cloaked with a strong presumption in its favor." *State v. Damme*, 944 N.W.2d 98, 105–06 (Iowa 2020) (quoting *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002)). We will reverse only for an abuse of discretion, such as when "the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable." *Formaro*, 638 N.W.2d at 724.

## DISCUSSION

In crafting a sentence, the district court weighs "the nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform" along with the defendant's criminal history, employment status, family circumstances, and "the societal goals of sentencing." *Damme*, 944 N.W.2d at 106 (citations omitted). Here, the court considered Hart's age, education, employment history, and "what will provide maximum opportunity for your rehabilitation and at the same time protect the community from further offenses by you and others."

The court reviewed the PSI, which included information about Hart's mental health and substance-use history. At sentencing, Hart acknowledged "[d]rugs are definitely a problem for me," and defense counsel stated "[h]e needs treatment, and I believe he is set up to get into treatment." The court also considered Hart's "quite serious" criminal history, which included prior violent crimes and drug offenses. Of particular concern to the district court was Hart's criminal history and his lack of success during pretrial supervision, including his failure to appear for drug testing. As the court stated:

> [Y]ou did poorly on pretrial supervision. That's why I asked you
> why you didn't show up to provide a sample for your UAs. Clearly, you

either don't take it seriously—therefore, you don't put it on your calendar to appear—or you just have decided to ignore the requirements of pretrial supervision.

Pretrial supervision is a lot like probation. In other words, you're required to report at certain times and do certain things, such as provide a sample for urine analysis. But you didn't do that.

I take into consideration that you have a history of criminal convictions that is quite serious. While the county attorney points out there's no felony convictions, I would point out as far back as 2010 you started your adult record with a conviction for—it says possess or attempt to, perhaps possess, methamphetamine up in Wisconsin.

As your attorney pointed out, you also have a history of violence. Even though you were told that you were to stay away from somebody, you didn't do that.

On appeal, Hart claims the court "overemphasize[d]" his criminal history and performance on pretrial supervision and ignored "any mitigating factors," such as his "family circumstances," the death of his mother, and his "depression and mental health issues." We observe, however, that the PSI included references to Hart's mental health and family circumstances. An addendum to the PSI included a letter from Hart's sister detailing the impact their mother's death had on Hart. And in any event:

Even if the district court gave more weight to aggravating factors than mitigating factors it would not amount to an abuse of discretion because giving "considerable emphasis" on a particular factor at sentencing is not an abuse of discretion so long as a court also "considers other factors pertinent to sentencing."

*State v. Batiste*, No. 25-0489, 2026 WL 44622, at *2 (Iowa Ct. App. Jan. 7, 2026) (quoting *State v. Leckington*, 713 N.W.2d 208, 216–17 (Iowa 2006)).

Here, the court considered many proper sentencing factors in exercising its sentencing discretion, *see* Iowa Code § 901.5, and "the choice

of one particular sentencing option over another" does not constitute error, *see Formaro*, 638 N.W.2d at 725. Hart is simply asking that we substitute the decision of the district court with our own, which we cannot do. *See State v. McCalley*, 972 N.W.2d 672, 677 (Iowa 2022). Because we find no abuse of discretion, we affirm Hart's sentences.

**AFFIRMED.**